PRESENT: All the Justices

CHARLES RUTTER, EXECUTOR
OF THE ESTATE OF MILDRED
DUNCAN

v.  Record No. 012612     OPINION BY JUSTICE ELIZABETH B. LACY
                                      September 13, 2002
JONES, BLECHMAN, WOLTZ &
KELLY, P.C., ET AL.

FROM THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS
Norman Olitsky, Judge Designate

In this appeal, we consider whether the executor of an estate could maintain an action for legal malpractice in the preparation of the decedent's testamentary documents.

FACTS

This case was decided on demurrer, and, therefore, we take as true all material facts properly pleaded by plaintiff Rutter and all inferences properly drawn from those facts. Burns v. Board of Supvrs., 218 Va. 625, 627, 238 S.E.2d 823, 824-25 (1977).  In 1993, Mildred Duncan retained Jones, Blechman, Woltz & Kelly, P.C. (the Jones Blechman firm) to assist in her estate planning.  Duncan wanted each of her two housekeepers to receive a "remembrance amounting to about $5,000 respectively" and wanted "10% of the residue of her estate be devised to Trinity United Methodist Church and Washington and Lee University as charitable bequests."  John T. Thompkins, III, a member of the Jones Blechman firm, prepared Duncan's last will and testament and created a revocable trust.  The language of the revocable

trust suggested the amount of the remembrance to the housekeepers, but ultimately left the bequest amount to the trustee's discretion.

Because the trust, as written, left the bequest to the housekeepers to the trustee's discretion, the amounts of the bequests to Washington and Lee University and Trinity United Methodist Church were not ascertainable at the time of Duncan's death.  As a result, the bequests to Washington and Lee University and Trinity United Methodist Church did not meet the federal tax requirements for charitable tax deductions pursuant to I.R.C. §  2055(a) and, upon Duncan's death, her estate incurred tax liabilities on those bequests amounting to $663,996.

Charles M. Rutter, III, the executor of Duncan's estate, filed this legal malpractice action against the Jones Blechman firm and Thompkins (collectively "the defendants") on behalf of the estate, alleging in Count I that, as a result of the defendants' negligent drafting of the will and revocable trust, the testamentary documents failed to effectuate Duncan's intentions and constituted a breach of contract between Duncan and the defendants.* As damages for this breach, Rutter claimed

---

* The second count of Rutter's motion for judgment alleged that the defendants negligently advised Duncan's estate after her death.  The assignment of error limited this Court's review to those allegations of negligence occurring "prior to

2

that Duncan, "by and through her executor" was entitled to recover the amount she paid the defendants to draft the testamentary instruments and consequential damages of $663,996, the amount of the otherwise avoidable tax liability assessed to the estate. The defendants demurred to the motion for judgment asserting that Rutter lacked the standing to bring the action and was not damaged as a matter of law. The trial court sustained the demurrer and entered a judgment in the defendants' favor. We awarded Rutter this appeal.

DISCUSSION

The parties spend a great deal of time discussing the existence or non-existence of privity between the executor, Duncan, and the defendants. Privity, however, is not dispositive in this case. For purposes of the issue before us, there is no assertion that Rutter has privity with the defendants independent of his capacity as the personal representative of the decedent. There is also no dispute that Rutter is entitled to undertake a number of activities regarding Duncan's rights and interests in his representative capacity as executor of her estate. The crux of this case is the ability of an executor to bring an action for legal malpractice in connection with the preparation of testamentary documents.

---

[Duncan's] death" and, therefore, the issues addressed in Count II are not before us.

Code § 8.01-25, enacted in derogation of common law, provides that, "[e]very cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed." This provision specifically limits survival of actions to those that "existed" prior to the decedent's death. The relevant issue, then, is whether the cause of action Rutter asserts was one which could have been raised by Duncan during her lifetime.

A cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the damages claimed by the plaintiff client must have been proximately caused by the defendant attorney's breach. In the absence of any injury or damage, there is no cause of action. Allied Productions v. Duesterdick, 217 Va. 763, 766, 232 S.E.2d 774, 776 (1977).

While the alleged breach of contract occurred during Duncan's lifetime upon the drafting of her testamentary documents, the damage or injury resulting from the breach that Rutter claims – the avoidable estate tax liability – did not occur until after Duncan's death. Nevertheless, Rutter argues that there was a cause of action during Duncan's lifetime

4

because she was entitled to recover the amounts she paid to the defendants to draft the deficient testamentary documents. The tax liability and associated accounting and legal expenses incurred after her death, according to Rutter, were no more than an escalation of the damages or injury caused by the defendants' malpractice. We disagree.

As noted above, one of the elements of a legal malpractice cause of action is injury or damage proximately caused by the breach of contract. In this case, the fee Duncan paid the defendants for their services was not an injury resulting from the legal malpractice. It was merely the agreed-upon cost of the service, the consideration given for the contract, and not the damage or injury arising from the breach of the contract.

The injury or damage that was proximately caused by the legal malpractice alleged in this case was the additional amount of the tax assessed against the estate and additional legal and accounting fees required – all of which did not arise until after Duncan's death.

Accordingly, because the cause of action for legal malpractice asserted in this case did not come into existence during Duncan's lifetime and thus did not survive her death, we will affirm the judgment of the trial court.

<u>Affirmed.</u>

5