Present: Hassell, C.J., Koontz, Kinser, Goodwyn, Millette, and Mims, JJ., and Russell, S.J.

JOSEPHINE VAN DAM

                                        OPINION BY
v.   Record No. 091659     SENIOR JUSTICE CHARLES S. RUSSELL
                                     September 16, 2010
GORDON B. GAY

              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                        John E. Kloch, Judge

     This appeal presents a question as to the time a right of action accrued, and the statute of limitations began to run, in an action to recover damages for legal malpractice.

                        Facts and Proceedings

     The facts are undisputed.  Nicholas J. Van Dam (the former husband) and Josephine F. Van Dam (the wife) were parties to a divorce suit in 1986.  The wife retained Gordon B. Gay, an attorney at law, (the defendant) to represent her in the case.  The parties and their attorneys negotiated a settlement of the issues in the suit and entered into a property settlement agreement, drafted by the defendant, on September 30, 1986.  During the marriage, the former husband participated in two federal retirement plans, related to his military service and civil service employment.  The property settlement agreement made only the following reference to them:  "The wife shall receive . . . survivor's benefits from the husband's retirement pay."

On November 3, 1986, the circuit court entered a final decree of divorce, ratifying and incorporating the property settlement agreement. The former husband died on June 22, 2006. Immediately thereafter, the wife applied to the appropriate federal authorities for survivor's benefits under her former husband's two retirement plans. Both claims were denied on the ground that the 1986 property settlement agreement was insufficient, as a matter of federal law, to entitle her to any benefits under either plan.

On January 26, 2009, the wife brought this action to recover damages for legal malpractice against the defendant. The defendant filed a plea in bar asserting the statute of limitations. The circuit court received briefs, heard arguments, and sustained the plea of the statute of limitations, dismissing the wife's complaint with prejudice. We awarded the wife an appeal.

## Analysis

Appeal of a decision on a plea in bar of the statute of limitations involves a question of law that we review de novo. Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574 (2008). Because no evidence was presented on the plea in bar, we are limited to the facts set forth in the complaint and the defendant has the burden of proof on the issue that the limitation period had run when the complaint was filed.

<u>Schmidt v. Household Fin. Corp., II</u>, 276 Va. 108, 112, 117, 661 S.E.2d 834, 836, 839 (2008).

The circuit court held that the wife's cause of action accrued in 1986, when the defendant's alleged malpractice occurred, and that the statute of limitations had therefore run long before the filing of this action. The wife contends that she suffered no injury resulting from the defendant's malpractice until the date of her former husband's death on June 22, 2006, and that this action thus was timely filed.[1]

Code § 8.01-230 provides, in pertinent part:

> In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date . . . when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered . . . ."[2]

The terms "right of action" and "cause of action," although sometimes used interchangeably, are not synonymous. <u>Stone v. Ethan Allen, Inc.</u>, 232 Va. 365, 368, 350 S.E.2d 629,

---

[1] In Virginia, actions for legal malpractice sound in contract and are thus governed by the limitation periods prescribed for contract claims. <u>Oleyar v. Kerr</u>, 217 Va. 88, 90, 225 S.E.2d 398, 399 (1976). Those periods are three years for breach of an oral contract and five years for breach of a written contract. Code § 8.01-246.

[2] The Virginia General Assembly has consistently declined to adopt a "discovery rule." <u>See</u> e.g., H.B. 486, Va. Gen. Assem. (Reg. Sess. 1994) and H.B. 569, Va. Gen. Assem. (Reg. Sess. 1994) (proposals to add discovery rule provision for injuries to person or damage to property not enacted).

3

631 (1986). They may accrue simultaneously but that will not always be the case. A right of action cannot arise until a cause of action exists because a right of action is a remedial right to presently enforce an existing cause of action. Shipman v. Kruck, 267 Va. 495, 502, 593 S.E.2d 319, 322 (2004).

The wife concedes that the accrual of her right of action did not await her discovery of the defendant's malpractice, but contends that her cause of action could not have accrued, and therefore her right of action did not accrue, until she suffered damage arising from the defendant's malpractice. This is so, her argument continues, because injury or damage is an essential element of any cause of action. Her damage did not occur, she contends, until the death of her former husband in 2006, when her right to survivors' benefits would have arisen but for the defendant's malpractice. She contends that before her former husband's death, her right to survivors' benefits would have been purely contingent upon his predeceasing her.

We addressed a similar issue in MacLellan v. Throckmorton, 235 Va. 341, 367 S.E.2d 720 (1988). In that case, the plaintiff engaged the defendant attorney to represent him in a divorce case. The plaintiff alleged that the attorney negotiated a property settlement agreement that

4

the plaintiff signed only because the attorney represented to him that its provisions for spousal support could later be modified by the court if the plaintiff were to suffer a change in his circumstances.  The plaintiff further alleged that this representation was erroneous, that he later became disabled and unable to work, but found that the agreed provisions for spousal support, incorporated into the divorce decree, could not be modified.  The plaintiff sued the attorney for malpractice and was met by a plea of the statute of limitations.  There, we held that the cause of action accrued upon the termination of the particular undertaking in which the attorney was engaged.  That was the date of entry of the final decree of divorce, which occurred more than three years before the malpractice action was filed.  Id. at 345, 367 S.E.2d at 722.  We affirmed the trial court's judgment sustaining the plea of the statute of limitations.  Id.

We reached that result despite the fact that the plaintiff did not become aware of the malpractice until after the limitation period had run, and even if he had been aware of it in time, he would have then been unable to quantify his damages with precision.  His injury arising from the attorney's malpractice occurred when the court entered a final decree of divorce incorporating a property settlement

agreement that, contrary to the attorney's assurance, was not subject to change.

In the present case the wife relies on Rutter v. Woltz, Blechman, Woltz & Kelly, P.C., 264 Va. 310, 568 S.E.2d 693 (2002). In that case the executor of a decedent's estate sued a law firm for malpractice in preparing testamentary documents that incurred tax liabilities that could have been avoided. Id. at 312-13, 568 S.E.2d at 694. The issue in Rutter was not the statute of limitations, but rather was whether the cause of action arose during the decedent's lifetime and survived her death pursuant to Code § 8.01-25. Id. at 313, 568 S.E.2d at 694-95. That section limits the survival of actions to those that "existed" prior to a decedent's death. The question was whether the decedent could have maintained the malpractice action against the attorney during her lifetime. We answered that question in the negative because no cause of action existed until some injury or damage was sustained as a result of the malpractice. Since the damage in Rutter was limited to the unnecessary taxes and fees that were not incurred until after the decedent's death, we held that no cause of action existed during her lifetime and thus there was no cause of action that could survive her death. Id. at 314, 568 S.E.2d at 695.

6

The distinction between Rutter and the present case lies in the mutability of testamentary dispositions during the testator's lifetime.  A testator may, during his lifetime, alter his will or other testamentary papers as he pleases and whenever he chooses.  See e.g., Schilling v. Schilling, 280 Va. 146, 149, 695 S.E.2d 181, 183 (2010) (a will does not "take effect until the death of the maker" and "has no life or force" while the maker is alive) (quoting Timberlake v. State-Planters Bank of Commerce & Trusts, 201 Va. 950, 957, 115 S.E.2d 39, 44 (1960)).  While he lives, no beneficiary has anything more than a bare expectancy and no person has suffered any injury or damage as a result of his tentative dispositions.  Thus the claimant in Rutter could have suffered no injury or damage during the decedent's lifetime and there was no cause of action that could have survived her death.  In the present case, as in MacLellan, the plaintiff suffered a legal injury arising out of the defendant's malpractice when the final decree of divorce, incorporating the defective property settlement agreement, was entered by the circuit court.

The legal injury suffered by the wife in the present case in 1986 was not vitiated by the fact that her right to pension benefits was contingent upon her surviving her former husband. By virtue of the equitable distribution statutes, Code §§ 20-

107.3(A)(2) and (G), in divorce proceedings all pensions are presumed to be marital property in the absence of satisfactory evidence that they are separate property and the court may direct payment of the marital share of such benefits whether they are "vested or nonvested" as they become payable. In Cook v. Cook, 18 Va. App. 726, 446 S.E.2d 894 (1994), the Court of Appeals approved an award to a wife of a percentage of the marital share of her husband's military retirement benefits as they became payable in the future, despite the fact that the husband had, at the time of divorce, nine more years to serve in the Air Force before his military pension rights would become vested. Id. at 728-29, 446 S.E.2d at 895.

Some injury or damage, however slight, is essential to a cause of action, but it is immaterial that all the damages resulting from the injury do not occur at the time of the injury. The running of the limitation period will not be tolled by the fact that actual or substantial damages did not occur until a later date. Difficulty in ascertaining the existence of a cause of action is similarly irrelevant. This time-honored rule may produce inequities by triggering a statute of limitations when the injury or damage is unknown or difficult or even incapable of discovery, but we have long concluded that it is the role of the General Assembly, not the courts, to change a rule of law that has been relied upon by

8

the bench and bar for many years.  <u>Shipman</u>, 267 Va. at 502-03, 593 S.E.2d at 323; <u>Virginia Military Inst. v. King</u>, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977).

## Conclusion

The circuit court correctly held that the wife's legal injury arising out of the defendant's alleged malpractice occurred on November 3, 1986, when the court entered a final decree of divorce, terminating the defendant's employment in the matter in which he was engaged.  The wife's right of action accrued on that date and the statute of limitations then began to run.  The court did not err in sustaining the plea in bar and we will accordingly affirm the judgment.

<u>Affirmed.</u>