# CIRCUIT COURT OF FAIRFAX COUNTY

Stewart Title Guaranty Co.

v.

Premier Title, Inc.

December 7, 2011

Case No. CL-2011-3306

By Judge Robert J. Smith

This matter is before the Court on the Defendant's plea in bar. The following timeline assists in determining the procedural posture of this case:

March 7, 2011, Plaintiff files a seven-count complaint;

April 29, 2011, Defendant files a plea in bar as to Counts I, II, III, and V;

June 10, 2011, Defendant files a demurrer as to all seven counts;

July 8, 2011, Judge Williams hears argument on the demurrer. Judge Williams overrules the demurrer as to Counts I, II, and IV, and sustains the demurrer, with leave to amend, as to Counts III, V, VI, and VII;

July 15, 2011, Judge Robert Smith hears argument on the plea in bar as to Counts I, II, III, and V, and takes the matter under advisement;

July 29, 2011, Plaintiff files an eight-count amended complaint;

August 19, 2011, The parties submit an agreed order whereby the arguments made on July 15, 2001, in support of the plea in bar are deemed filed and reasserted as to Counts I and II;

August 19, 2011, Defendant files a demurrer as to all eight counts of the amended complaint;

September 23, 2011, Argument on the demurrer to the amended complaint is scheduled.

The August 19 order applies only to Counts I and II of the amended complaint. Consequently, this opinion likewise addresses only Counts I and II of the amended complaint. The language of the agreed order of August 19 indicates that the parties are willing to wait for the decision on the demurrer to the amended complaint before addressing the plea in bar as to Counts III and V.

Possibly, the issue in the plea in bar as to Counts I and II of the amended complaint, *viz.*, at what point the cause of action accrued, will be identical as to Counts III and V. However, because Counts III and V were dismissed upon a demurrer on July 8, 2011, I told the parties that this decision would address only Counts I and II.

*Background*

The pertinent facts, as alleged in the eight-count amended complaint, are as follows.

On or about May 14, 1999, John D. Luria and Ellen K. Luria purchased real property located in McLean, Virginia. The deed to this property was recorded on May 18, 1999.

On December 20, 2001, the Lurias obtained a $500,000 loan from G.W. Investments. This loan was secured by a deed of trust, dated December 30, 2001, ("the G.W. Deed of Trust") against the property in the amount of $500,000 for the benefit of G.W. Investments. The G.W. Deed of Trust for this loan was recorded January 3, 2002.

In April 2002, Premier Title prepared a certificate of partial satisfaction for the G.W. Deed of Trust ("the G.W. Certificate of Partial Satisfaction"). On May 3, 2002, Premier caused the G.W. Certificate of Partial Satisfaction to be recorded in the land records of Fairfax County.

On June 24, 2004, the Lurias obtained a refinance loan in the amount of $3,705,000 and executed a promissory note with First Savings Mortgage Corporation.

The refinance loan was to be secured by a first-priority deed of trust against the property for the benefit of First Savings ("the First Savings Deed of Trust") in the principal amount of $3,705,000. Premier Title served as the settlement agent for the closing of the refinance loan. The First Savings Deed of Trust was recorded on July 1, 2004.

Premier Title agreed to secure the refinance loan in a first-priority position over all other liens and encumbrances against the property. Premier secured a title insurance policy, issued to First Savings and insured by Stewart Title Guarantee Company, to insure First Savings' security interest pursuant to the refinance loan.

First Savings tendered proceeds to Defendant Premier for the purpose of closing the refinance loan and to pay off all encumbrances of record against the property. Plaintiffs allege that Premier neither paid off the G.W. Deed of Trust nor obtained and recorded a release of the G.W. Deed of Trust.

On November 5, 2010, counsel for G.W. Investments discovered a foreclosure against the property pursuant to the G.W. Deed of Trust. Stewart Title paid G.W. Investments. Stewart Title filed this complaint on March 7, 2011, claiming the common law right of subrogation to the rights of recovery of First Savings against Premier.

*Analysis*

The foregoing facts present this issue, when did the cause of action arise.

"A plea in bar is a defensive pleading that reduces the litigation to a single issue of fact which if proven creates a bar to the suit and the moving party carries the burden of proof on that issue." *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308, 309, n. * (1993), citing *Campbell v. Johnson*, 203 Va. 43, 47, 122 S.E.2d 907, 909 (1961).

According to the defendant, the cause of action arose on June 24, 2004, when Premier failed to pay off a deed of trust so that First Savings' security interest would be in the first position. Plaintiff argues that the cause of action accrued on November 5, 2010, when the G.W. Deed of Trust was foreclosed.

Virginia Code § 8.01-246(2) establishes a five-year statute of limitations for written contracts that are not otherwise specified in that section. Va. Code § 8.01-246(4) establishes a three-year limitation period for unwritten agreements. Va. Code § 8.01-248 establishes a two-year statute of limitations for personal actions for which no limitation period is authorized. Va. Code § 8.01-243(A) establishes a two-year limitation period for personal injuries irrespective of the theory of recovery. Va. Code § 8.01-243(B) establishes a five-year period of limitation for injury to property.

Irrespective of which Code section cited in the preceding paragraph applies, determining the date when the cause of action arose is dispositive of this plea in bar. In other words, if the defendant is correct in its assertion that the cause of action arose on June 24, 2004, then even the longest period of limitation, five years, found in Va. Code § 8.01-246(2) had expired when the complaint was filed on March 7, 2011. If the plaintiff is correct in its assertion that the cause of action accrued on November 5, 2010, then even the shortest period of limitation found in Va. Code §§ 8.01-243(A) and 8.01-248, two years, had not expired when the complaint was filed on March 7, 2011.

For the reasons that follow, I find that the cause of action arose on June 24, 2004, and, accordingly, sustain the plea in bar.

The Virginia Supreme Court addressed a similar situation in *Van Dam v. Gay*, 280 Va. 457, 699 S.E.2d 480 (2010). In that case, the plaintiff sued the defendant for legal malpractice. In 1986 the plaintiff retained the defendant to represent her in her divorce proceeding. The plaintiff and her husband settled the divorce action by entering into a property settlement agreement drafted by the defendant. The property settlement agreement, drafted on September 30, 1986, and ratified and incorporated into the final divorce decree on November 3, 1986, provided that "the wife shall receive . . . survivor's benefits from the husband's retirement pay." Immediately after her former husband's death in 2006, the plaintiff applied for her survivor's benefits. Her claims were denied because, as a matter of federal law the

property settlement agreement was insufficient to entitle her to any benefits under any plan to which she might have been entitled.

The wife brought the action on January 26, 2009. The defendant filed a plea in bar asserting the statute of limitations. The circuit court sustained the plea in bar and dismissed the case. The issue on appeal was whether the statute of limitations began to run in 1986 when the property settlement agreement was drafted or when the wife's claim for benefits was denied in 2006. If the former, then, obviously, the filing was well beyond the five-year period of limitation; if the latter, then, obviously, the filing was well within the five-year period of limitation.

The wife argued that she suffered no injury until the date of her former husband's death on June 22, 2006. The defendant argued that the cause of action accrued in 1986 at the time the property settlement agreement was negligently drafted.

The Supreme Court noted: "Some injury or damage, however slight, is essential to the cause of action, but it is immaterial that all the damages resulting from the injury do not occur at the time of the injury. The running of the limitation period will not be tolled by the fact that actual or substantial damages did not occur until a later date." *Van Dam*, 280 Va. at 463, 699 S.E.2d at 482.

In deciding *Van Dam* the Supreme Court relied on *MacLellan v. Throckmorton*, 235 Va. 341, 367 S.E.2d 720 (1988). *MacLellan*, like *Van Dam*, was a suit against an attorney for malpractice. In *MacLellan*, the plaintiff signed a property settlement agreement on December 6, 1979. The plaintiff alleged that he signed the agreement only because the defendant told him that the court could later modify the spousal support provisions of the property settlement agreement if the plaintiff experienced a change in his circumstances. The circuit court entered a final decree of divorce, incorporating the property settlement agreement, on December 30, 1980. In March 1984, the plaintiff became disabled and could no longer practice medicine. He sought a judicial modification of spousal support based on his change of circumstances. The circuit court ruled that spousal support could not be modified.

In *MacLellan*, as in *Van Dam*, the circuit court had sustained a plea of the statute of limitations. The Supreme Court affirmed the circuit court decision finding that the applicable statute of limitations for the facts of that case, *viz.*, three years, began to run on December 30, 1980 when the final decree was entered.

In *Keller v. Denny*, 232 Va. 512, 352 S.E.2d 327 (1987), the plaintiff had retained the defendant and his firm to act as general counsel for the plaintiff's corporation and as his personal counsel. In 1975, the plaintiff asked the defendant to draft a stock purchase agreement that would have allowed the plaintiff to repurchase stock of the corporation if certain conditions were met. Unfortunately, the defendant incorrectly used language in the

stock purchase agreement that vested repurchase rights in the plaintiff's corporation, not the plaintiff. The parties executed the agreement on September 8, 1975. In November 1980, the defendant informed the plaintiff that he, the plaintiff, would not be able to exercise the repurchase option. Keller brought the action on April 2, 1982, against the defendant and the defendant's firm. The defendants asserted the statute of limitations. The circuit court ruled that the statute of limitations began to run when the stock purchase agreement was negligently prepared in 1975 and that the action was time barred. The Supreme Court affirmed the decision of the circuit court.

In all three legal malpractice cases, the Supreme Court held that the cause of action accrued when the attorney completed the job for which he had been retained, preparation of a property settlement agreement in *Van Dam* and *MacLellan* and drafting and execution of a stock purchase agreement in *Keller*. In each one of these cases, the actual financial loss occurred after the malpractice, but this fact was of no avail to the plaintiffs.

The similarity between preparing a property settlement agreement or a stock purchase agreement and preparing a deed of trust, such as this case, is apparent.

Plaintiff cites *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 568 S.E.2d 693 (2002), in support of its opposition to the plea in bar. The case of Charles Rutter, the executor of the estate of Mildred Duncan, was yet another action for legal malpractice. Mildred Duncan retained the defendant law firm to assist in her estate planning. She desired to leave a remembrance of about $5000 to each of her two housekeepers and ten percent of the residue of her estate to Trinity United Methodist Church and Washington and Lee University. The law firm prepared a revocable trust, the language of which suggested the amount of the remembrance but left the amount of the bequest to the housekeepers to the trustee's discretion.

Because the bequest to the housekeepers was left to the discretion of the trustee, the amounts of the bequests to Trinity United Methodist Church and Washington and Lee University were not ascertainable at Duncan's death. As a result, the bequests to the church and the university did not meet federal tax requirements and, upon Duncan's death, her estate incurred tax liability on those bequests totaling $663,996.

The Supreme Court stated that the issue in *Rutter* was, "Whether the cause of action Rutter asserts was one which could have been raised by Duncan during her lifetime." *Rutter*, 264 Va. at 313, 568 S.E.2d at 695. In other words, did the cause of action arise during her lifetime?

Rutter argued that the cause of action arose when the estate planning documents were created and that Duncan could have recovered the money she paid to the law firm to draft the deficient testamentary documents. The subsequent increased tax liability, argued Rutter, was merely an escalation of the damages caused by the malpractice. The Supreme Court disagreed.

According to the Supreme Court, the damage resulting from the defendant's malpractice was not the fees she paid for the negligent legal services but the additional tax liability and additional legal and accounting fees incurred at her death.

*Rutter and Van Dam* appear to be irreconcilable, but they are not. The Supreme Court explained the distinction between the two in *Van Dam*. According to the Supreme Court, the difference between *Rutter* and *Van Dam* is the mutability of testamentary dispositions during the testator's lifetime. *Van Dam*, 280 Va. at 462, 699 S.E.2d at 482. "Thus, the claimant in *Rutter* could have suffered no injury or damage during the decedent's lifetime and there was no cause of action that could have survived her death. In the present case, as in *MacLellan*, the plaintiff suffered a legal injury arising out of the defendant's malpractice when the final decree of divorce, incorporating the defective property settlement agreement, was entered by the circuit court." *Id.*

In the case at bar, one might argue that the injury caused to First Savings when the Defendant did not secure the Refinance Loan with a first-priority deed of trust was slight compared to the damages incurred after the foreclosure itself. However, *Van Dam* stands for the proposition that any injury, regardless of how slight, begins the running of the statute of limitations, and it is "immaterial that all the damages resulting from the injury do not occur at the time of the injury." *Van Dam*, 280 Va. at 463, 699 S.E.2d at 482.

## Conclusion

I find that the injury to First Savings occurred on June 24, 2004, when the Defendant did not meet its contractual obligation to secure First Savings' security interest in the property with a first-priority deed of trust. The Plaintiff filed this complaint on March 7, 2011. By the date of filing the statute of limitations already had run. I sustain the Defendant's Plea in Bar as to Counts I and II.