# CIRCUIT COURT OF FAIRFAX COUNTY

Colchester Security II, L.L.C.

v.

Krispy Kreme
Doughnut Corporation

August 23, 2012

Case No. CL-2012-1377

BY JUDGE R. TERRENCE NEY

This matter came before the Court on July 26, 2012, upon the Plaintiff's Plea in Bar to Defendant's Counterclaim.

After oral argument the Court took the matter under advisement to determine (1) whether a cause of action for breach of contract accrues at the time of the formation of the contract or at the time damage is sustained, and (2) whether a cause of action for implied indemnification for costs incurred monthly, due to a continuing alleged breach, is time barred because the first monthly obligation occurred outside the applicable three year statute of limitations. In its Counterclaim, Krispy Kreme also asserts a cause of action for implied indemnification based on settlement monies paid to Fairfax County for a federal lawsuit for an alleged violation of the Clean Water Act. (Counterclaim ¶ 38.) However, because this money was paid to Fairfax County in December 2009, the Counterclaim on that count plainly falls within the applicable three-year statute of limitations. As a result, that issue is not addressed in this opinion letter. The following embodies the Court's ruling.

## Facts

These facts are from Krispy Kreme Doughnut Corporation's Counterclaim, filed on March 26, 2012.

Colchester Security II, L.L.C. ("Colchester") entered into a written Lease Agreement with Krispy Kreme Doughnut Corporation ("Krispy Kreme"), whereby it leased to Krispy Kreme approximately 37,895 square feet of space ("Premises") in a building located in Lorton, Virginia. The Premises were leased to Krispy Kreme for the purpose of storage, production, preparation, sale, and/or distribution of doughnuts. Krispy Kreme commenced its operation of the plant at the Premises on May 13, 2004. The initial lease term was for the period June 1, 2004, through May 31, 2014.

Prior to Krispy Kreme's occupancy of the Premises, Colchester conveyed to Fairfax County the major wastewater collection facility ("Collection System") that served the Premises. At no point was the Collection System ever a part of the leasehold.

On April 17, 2008, Fairfax County required Krispy Kreme to stop discharging its wastewater from the Premises, thereby allegedly impairing an implied leasehold expectation of adequate sewerage. Instead, Fairfax County required Krispy Kreme to "pump and haul" its wastewater, thereby causing Krispy Kreme to incur a monthly cost of approximately $10,000 on a continuing basis. Fairfax County eventually sued Krispy Kreme under the Clean Water Act, 42 U.S.C. § 7401 *et seq.* (1970), for damage to the Collection System. The case was settled, and Krispy Kreme paid Fairfax County for the damage.

On May 31, 2010, Krispy Kreme vacated the Premises.

## Procedural Background

On January 27, 2012, Colchester filed a three count Complaint against Krispy Kreme alleging (1) breach of contract of lease, (2) waste, and, (3) negligence on the part of Krispy Kreme.

Krispy Kreme filed a counterclaim on March 26, 2012, alleging (1) breach of contract of lease, (2) implied indemnification, and, in the alternative, (3) rescission of the contract on the grounds of mutual mistake. The Court previously ruled that the cause of action for rescission is timely filed. As a result, it is not addressed in this opinion letter.

The parties are before the court on Colchester's Plea in Bar to Krispy Kreme's Counterclaim.

*Analysis*

A. *Standard of Review*

A plea in bar is a defensive pleading, which, if proven, creates a bar to plaintiff's or counterclaimant's right of recovery. *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000). The party asserting the plea in bar bears the burden of proof. *Id.* When the parties do not introduce any evidence but, instead, present the statute of limitations issue to the court based solely on the claim or counterclaim, the court is to accept as true the facts stated in the claim or counterclaim for purposes of resolving the Plea in Bar. *Id.* at 112, 836.

B. *Breach of Contract*

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach of obligation. *Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805, 807 (1996); *Fried v. Smith*, 244 Va. 355, 358, 421 S.E.2d 437, 439 (1992); *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 546, 379 S.E.2d 316, 317 (1989)." *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

Actions founded upon a contract shall be brought within five years of the cause of action if the contract is "in writing and signed by the party to be charged." Va. Code § 8.01-246. The prescribed limitation period begins when the breach of contract or duty occurs, not when the resulting damage is discovered. Va. Code § 8.01-230.

In Virginia, however, a right of action, a right to sue, cannot accrue until there is a cause of action. There are general essential elements to any good cause of action. The fact of injury in a contract case is necessary to have a cause of action upon which suit may be brought. *Westminster Investing Corp. v. Lamps Unlimited*, 237 Va. 543, 379 S.E.2d 316 (1989).

In other words, under Virginia law, a cause of action accrues when a cause of action is complete. *Teaching Co., Ltd. Pshp. v. Unapix Entertainment, Inc.*, 87 F. Supp. 2d 567 (E.D. Va. 2000); *International Surplus Lines Ins. Co. v. Marsh & McLennan, Inc.*, 838 F.2d 124 (4th Cir. 1988). A cause of action for breach of contract cannot be complete without the third element, namely, "injury or damage to the plaintiff caused by the breach of the obligation." *Brown*, 251 Va. at 306, 467 S.E.2d at 807.

Colchester argues that a cause of action for breach of contract accrues on the date of the contract formation. It asserts that the statute of limitations in this case began to run in June 2004 and expired five years later in June 2009. It contends that Krispy Kreme's counterclaim, filed on March 26, 2012,

comes too late. In support of its position, Colchester relies on three Virginia Supreme Court decisions as well as the specific language of Virginia Code § 8.01-230.

In the first case, *Housing Authority v. Laburnum Corp.*, a breach of contract claim sought damages based on an implied warranty of skilled performance of work. *Housing Authority*, 195 Va. 827, 80 S.E.2d 574 (1954). In that case, plaintiff contracted with the defendant to construct a building, which included laying requisite piping underground. Over five years after the completion of that work, the gas pipeline exploded, causing damages to plaintiff's building. The Virginia Supreme Court held that the plaintiff's cause of action accrued at the time of the breach of the warranties, that is, when the defective work was done, and not at the time of the subsequent explosion. The court reasoned that the plaintiff's property was damaged at the time the defective work was done. *Id.*

The accrual of a cause of action for breach of contract was next addressed in *Caudill v. Wise Rambler, Inc.*, which held that a right of action cannot accrue until there is a cause of action. 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969). The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff. *Id.* "*In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him.*" *Id.* (emphasis added). Notwithstanding, the court held that the breach of the implied warranty of fitness occurred when the plaintiff *purchased* the automobile. This was so even though the property damage, and a potential cause of action for personal injuries, occurred years later when the automobile accident occurred. The plaintiff's right to recover for property damage accrued at the time of the alleged breach of warranty, that is, when she purchased the automobile. *Caudill* at 259.

Similarly, in *Van Dam v. Gay*, the court held that a cause of action against a lawyer for legal malpractice accrued and the five year limitations period began to run from the date a final divorce decree was entered. 280 Va. 457, 699 S.E.2d 480 (2010). In that case, a lawyer improperly drafted documents for a client who, as a result, was consequently unable to collect survivor benefits from her ex-husband. Because the client's husband lived longer than five years after the divorce decree was entered, the court held that although the client had no right to the benefits prior to his death, the statute of limitations on her cause of action ran before her right to those benefits ever accrued. *Id.*

In each of these cases, the Supreme Court of Virginia held that, when a party contracts for a service, the statute of limitations begins to run at the completion of that service, whether or not there was any actual discovery or possibility of discovery of the injury before the statute of limitation period

passed. Although this rule has been often criticized by many Virginia courts, the rationale for it is that, once a contractor or manufacturer completes the service for which it contracted to perform, fear of a lawsuit for that work should not last indefinitely.

Yet, *Van Dam*, though decided in 2010, is inapposite to *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 568 S.E.2d 693 (2002). *Rutter*, although not a statute of limitations case, addressed the issue presented here, namely, when a cause of action for breach of contract accrues. There, a breach of contract claim asserted by an executor was based upon faulty drafting of the decedent's testamentary instruments. The court in *Rutter* held that the cause of action for legal malpractice did not come into existence during the decedent's lifetime since there was no injury or damage proximately caused by the breach of contract.

> [T]he fee [the decedent] paid the defendants for their services was not an injury resulting from the legal malpractice. It was merely the agreed-upon cost of the service, the consideration given for the contract, and not the damage or injury arising from the breach. . . . The injury or damage that was proximately caused by the legal malpractice alleged in this case was the additional amount of the tax assessed against the estate and additional legal and accounting fees required, all of which did not arise until after [the decedent's] death.

*Id.* at 314, 568 S.E.2d at 695.

The court specifically held that no cause of action accrued *until* the estate incurred damages, namely further costs that resulted directly from the breach.

Based on that reasoning, no cause of action for breach would accrue here until April 2008 when the pump and haul costs began to be incurred.

This case is clearly more like *Rutter*, 264 Va. 310, 568 S.E.2d 693 (2002), than the cases relied on by Colchester. Here, Colchester's implied contractual duty to remove the wastewater was constant and perpetual for the duration of the lease. Colchester's duty was continual until the term of the contract had expired. The damage to Krispy Kreme is not a latent injury that "occurred" at the completion of the work.

Colchester asserts that the clock should begin to run from the date of the contract. However, in the cases it relies upon, injury was deemed to occur when the work was finalized. That is not the case here. The work was never finalized.

Colchester was incorrect in assuming that its capacity to dispose of the wastewater was sufficient. Krispy Kreme was able to use the Collection System to remove the wastewater from the Premises without problems for a number of years after the signing of the lease. It was not until several

years into the lease term that Krispy Kreme was forced to pump and haul the wastewater from the Premises instead of releasing it into the Collection System. Its injury did not occur until this unknown problem became known. Simply put, Krispy Kreme's *cause of action* did not ripen into a *right of action* until it was forced by Fairfax County to pump and haul wastewater at its own expense. *See also Bay Point Condo Ass'n v. RML Corp.*, 57 Va. Cir. 295 (Norfolk 2002).

Furthermore, the Lease Agreement might be deemed to be an executory rather than executed contract. "An executory contract is one in which a party binds himself to do, or not to do, a particular thing, whereas an executed contract is one in which the object of the agreement is performed and everything that was to be done is done." *Griscom v. Childress*, 183 Va. 42, 45, 31 S.E.2d 309, 311 (1944). "[O]rdinarily, the statute of limitations does not begin to run on a claim for breach of an entire contract, which is continuing, executory or capable of being enforced, until its termination." *Heirs of Roberts v. Coal Processing Corp.*, 235 Va. 556, 369 S.E.2d 188 (1988). If a contract is indivisible and a party to that contract seeks to recover for a breach committed while the contract remained executory, the party may choose to pursue its remedy at the time the breach occurs, or to wait until the time fixed by the contract for full and final performance. *Id.*

Here, the Lease Agreement can be viewed as an executory contract because everything that was to be done, the acceptance of wastewater during the term of the Lease, was not done, yet Colchester implicitly bound itself to provide a facility capable of handling the mass production and storage of doughnuts during the term of the Lease. The object of the contract could not be fully performed until the timeframe for performance, the lease term, had been completed. In other words, the facility was required to be equipped to handle the mass production and storage of doughnuts throughout the entire term of the Lease, not just for a few months. Therefore, because the Lease Agreement impliedly included wastewater removal which was executory, the statute of limitations would not begin to run until the end of the Lease term. As a result, Krispy Kreme had the option of choosing to pursue a cause of action for breach in April 2008, the time the breach occurred, or at the completion of the Lease term. In either case, the statute of limitations would not yet have expired.

In short, Krispy Kreme argues that its cause of action did not accrue on the date the Lease was executed because, at that time, it had not suffered any consequential injury or damage. Consequential damage did not occur until April 2008 when Krispy Kreme had to begin pumping and hauling the doughnut production waste to an offsite location. Therefore, the statute of limitations would have begun to run in April 2008 and would not expire until April 2013, five years from the date of the damage or injury. As a result, Krispy Kreme's Counterclaim, which was filed in 2012, is timely filed.

## C. *Indemnification*

*Black's Law Dictionary* (3d ed. 2006) defines indemnification as "the act of compensating for loss or damage sustained." A cause of action for indemnity does not accrue until the indemnitee has been 'injured.' *Wingo v. Celotex Corp.*, 834 F.2d 375 (4th Cir. 1987). Injury occurs when the indemnitee has "paid or discharged the obligation." *Virginia Int'l Terminals, Inc. v. Ceres Marine Terminals, Inc.*, 879 F. Supp. 31, 32-33 (E.D. Va. 1995); Va. Code § 8.01-249(4) ("The cause of action in the actions herein listed shall be deemed to accrue as follows . . . in actions for contribution or indemnification, when the contributee or the indemnitee has paid or discharged the obligation.").

Here, Krispy Kreme seeks indemnification for the settlement monies paid to Fairfax County in December 2009 and for their monthly "pump and haul" costs which began in April 2008. The claim for indemnification as to the settlement monies is plainly timely filed. With regard to the monthly "pump and haul" costs, Colchester asserts that, because the first of these monthly obligations took place over three years before Krispy Kreme filed a claim, then the entirety of the subsequent costs must be considered time-barred by the statute of limitations.

Fairfax County notified Krispy Kreme in April of 2008 that it must pump and haul its waste water from the property. Counterclaim ¶ 25. Krispy Kreme incurred these costs monthly from that time until May 2010, when it vacated the Premises. Counterclaim ¶ 29. Each obligation was a separate payment for a separate month's pump and haul requirement. Each payment is a distinct transaction for the purposes of the statute of limitations. Therefore, Krispy Kreme may seek indemnification for any pump and haul payments made after June 19, 2009. Only those payments made prior to that date are time-barred by the three year statute of limitations.

### Conclusion

The statute of limitations for a cause of action for breach of contract has not expired as the cause of action did not accrue until Krispy Kreme had sustained damages, namely at the time it was notified by Fairfax County that it must pump and haul its wastewater instead of releasing it into the Collection System. Furthermore, given the fact that Colchester's obligations as to the wastewater removal were executory, namely, existing throughout the Lease term, Krispy Kreme's cause of action would also not accrue until the date its Lease was ended. Finally, as to indemnification, only payments made prior to March 26, 2009, are time barred under that claim.

*Order*

This matter comes before the Court upon the Plaintiff's Plea in Bar to Defendant's Counterclaim. For the reasons stated in the Court's opinion letter dated August 23, 2012, which is attached hereto and made a part hereof, it is ordered that the Plaintiff's Plea in Bar to Defendant's Counterclaim is overruled as to Breach of Contract and overruled as to Implied Indemnification as to all pump and haul payments made after March 26, 2009.