COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Lorish and Callins
Argued at Lexington, Virginia

**PUBLISHED**

EDWARD BRIAN EVANS

v.      Record No. 0631-22-3

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
MARCH 28, 2023

TRUIST BANK, F/K/A
  BRANCH BANKING & TRUST COMPANY

FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

Robert T. Copeland (Scot S. Farthing, Attorney at Law, P.C., on
brief), for appellant.

Brian H. Richardson (Peter M. Pearl; Spilman Thomas & Battle,
PLLC, on brief), for appellee.

Edward Brian Evans ("Evans") appeals from a final order entered in the Circuit Court of

Wythe County ("trial court") finding him liable to Truist Bank ("the Bank") on a defaulted

promissory note for $732,000.  On appeal, he contends the trial court applied an incorrect statute of

limitations.  Evans also contends that the trial court erroneously determined the date the cause of

action accrued.  Finally, Evans argues that the trial court erroneously calculated the time the statute

of limitations was tolled.  Finding no error, we affirm the judgment of the trial court.

I. BACKGROUND

On March 1, 2011, Branch Banking & Trust Company ("BB&T") loaned Evans $732,000

in exchange for a promissory note ("the note") executed by Evans and made payable to the Bank for

the amount of the loan.  Truist Bank is BB&T's successor in interest.  In separate financial

disclosure statements given to the Bank both before and after receiving the loan, Evans provided

materially false statements concerning the condition of his finances.  The Bank was not aware that

the financial disclosures provided by Evans substantially overestimated his ability to repay the promissory note. The note's original maturity date was March 5, 2016.

The terms of the note specified various instances of default such as if the undersigned "fail[ed] to pay any part of the principal or interest when due" and "if any financial statement or other representation made to the Bank by any of the undersigned or any Obligor [was] found to be materially incorrect or incomplete." In any instance of default, the note could "immediately become due and payable without notice, at the option of the Bank." The note also stated that "upon default, the Bank may pursue its full legal remedies at law or equity." Accordingly, when Evans later failed to make the required monthly payments pursuant to the note, the Bank notified him by letter dated October 17, 2013, that he was in default and that the new due date had been accelerated to November 4, 2013.

On May 23, 2014, Evans filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Virginia seeking discharge of his obligations under the accelerated note. In response, on July 22, 2014, the Bank filed a "Complaint Objecting to Discharge and, Alternatively, Seeking Determination that Certain Debts are Nondischargeable" in the bankruptcy court. Evans' Chapter 7 Bankruptcy discharge was subsequently denied on September 25, 2015, and the bankruptcy case was thereafter concluded.

Next, on January 25, 2019, the Bank obtained a confession of judgment in the Fairfax County Circuit Court as provided for in the note. The Bank then nonsuited the confession of judgment and refiled its case in the Wythe County Circuit Court on September 25, 2020.[1] In response, Evans filed a plea in bar asserting that the statute of limitations had expired and sought dismissal of the complaint. At a hearing held on August 3, 2021, the parties stipulated to most of

---

[1] Code § 8.01-380(A) states that "[a]fter a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken." However, here, Evans failed to make a timely venue objection.

the facts, including that the statute of limitations had been tolled for 491 days (one year, four months, and three days) while Evans' bankruptcy proceeding was pending. The trial court subsequently ruled that the promissory note was a negotiable instrument and a six-year statute of limitations applied. The trial court also held that the cause of action for the note accrued on November 4, 2013, which was the accelerated maturity date. The trial court denied Evans' plea in bar. Evans appealed.

## II. ANALYSIS

### A. *Standard of Review*

A circuit court's "decision on a plea in bar of the statute of limitations involves a question of law that we review de novo." *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)).

### B. *The trial court properly applied a six-year statute of limitations.*

Evans contends on appeal that the trial court erred in applying a six-year limitation period instead of a five-year statute of limitations. We disagree.

The statute of limitations is five years "[i]n actions on any contract that is not otherwise specified and that is in writing and signed by the party to be charged." Code § 8.01-246. However, "an action to enforce the obligation of a party to pay a note payable at a definite time[2] must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Code § 8.3A-118.

---

2      A promise or order is "payable at a definite time" if it is payable on elapse of a definite period of time after sight or acceptance or at a fixed date or dates or at a time or times readily ascertainable at the time the promise or order is issued, subject to rights of (i) prepayment, (ii) acceleration, (iii) extension at the option of the holder, or (iv) extension to a further definite time at the option of the maker or acceptor or automatically upon or after a specified act or event.

Code § 8.3A-108.

Although Evans and the Bank entered a written contract, the five-year statute of limitations would only apply if there was no other statute of limitations "otherwise specified." Here, the note was a negotiable instrument[3] that was made payable at a definite time on a specific date—March 5, 2016. Hence, Code § 8.3A-118 "otherwise specifi[es]" a different statute of limitations. Since Code § 8.3A-118 controls, an action to enforce the note was only required to be commenced within six years (absent tolling) of the date of acceleration—November 4, 2013. Thus, the trial court properly applied the six-year statute of limitations found in Code § 8.3A-118 to the facts in this case.

C. *The trial court properly calculated the date of accrual.*

Evans next contends that since he provided materially false statements to the Bank before March 1, 2011, he was in breach and the cause of action accrued on the date the promissory note was executed. As a result, he contends that the trial court erred in its calculation of the limitations period by "fail[ing] to consider the Official Comments" under Code §§ 8.3A-118 and 8.1A-103 which he claims support his contention. We disagree.

"In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date . . . when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered . . . ." Code § 8.01-230. Moreover, a breach of contract occurs when: (1) there is a legally enforceable obligation between a defendant and plaintiff, (2) the defendant has violated that obligation, (3) and the defendant's violation of that obligation causes damage or injury to the plaintiff. *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344 (2016).

---

[3] Evans does not dispute that the note is a negotiable instrument, and we too acknowledge that the note meets the requirements set forth in the negotiable instrument statute, Code § 8.3A-104.

- 4 -

The legally enforceable obligation between Evans and the Bank was timely repayment of the promissory note. And, interestingly here, there were several breaches. For example, when Evans gave the Bank incorrect information in his financial statements he was in default. The terms of the note also make clear that each time Evans missed a payment, he was in default. Similarly, when Evans failed to pay the entire sum of the loan after the Bank accelerated the maturity date, Evans was also in default.

We reject Evans' argument that the Bank was required to pursue legal recourse in relation to his first default when he made false representations on his financial statements. The terms of the note make clear that in the event of default, "the Bank *may* pursue its full legal remedies at law or equity." (Emphasis added.) The Bank, which affirmed at oral argument that it was primarily concerned about being paid, opted instead to only pursue its full legal remedies in relation to Evans' last default—when he failed to pay the full amount of the loan on November 4, 2013. We will not fault the Bank for waiting until several instances of default had already occurred, and then giving Evans an opportunity to pay his loan off in full, before initiating legal proceedings against him. Hence, the trial court did not err by finding that November 4, 2013, was the day the Bank's cause of action accrued.

D. *The trial court properly calculated how long the statute of limitations was tolled.*

Finally, Evans contends that the trial court erroneously calculated how long the statute of limitations was tolled during his confession of judgment action in Fairfax County Circuit Court. We disagree.

Both Evans and the Bank stipulated that Evans' bankruptcy proceeding tolled the statute of limitations for 491 days. Therefore, when calculating the time the six-year statute of limitations was tolled, the trial court held that "the bankruptcy proceedings tolled the statute of limitations for a total of four hundred ninety-one (491) days." Contrary to Evans' argument, the

trial court did not base its calculation on the nonsuited confession of judgment action in Fairfax County. Instead, the calculation was based on the parties' stipulated 491-day tolling period related to Evans' bankruptcy proceeding. Thus, we find no error.

### III. CONCLUSION

Since we find no error, we affirm the judgment of the trial court.

*Affirmed.*