# CIRCUIT COURT OF STAFFORD COUNTY

Brenda Wallace

v.

Mazin Farah

May 5, 2006

Case No. (Law) CL 05000589-00

BY JUDGE J. MARTIN BASS

In the above styled action, Defendant by counsel has filed a Demurrer to the Plaintiff's claim for punitive damages and a Motion to Dismiss with Prejudice for Plaintiff's Failure to Comply with Virginia Code § 8.01-20.1. The Court heard oral argument on the Demurrer and the Motion and took the matters under advisement for issuance of a written decision. The Court has reviewed the pleadings and the memoranda and reply briefs submitted by counsel.

Defendant correctly argues that a Demurrer admits the truth of all material facts that are properly pleaded, facts that are impliedly alleged, and facts that may be fairly and justly inferred from alleged facts. Defendant moves the Court to sustain his Demurrer without leave to amend on the ground that the Motion for Judgment fails to state a claim upon which punitive damages can be awarded, there being no factual allegations of willful or wanton negligence by Defendant.

Plaintiff responds that the facts and inferences are sufficient as a matter of law to support the causes of action claimed in her pleading. Conceding that punitive damages are appropriate only where the Defendant's actions rise to the level of willful and wanton conduct, she argues that the facts alleged cause a reasonable inference that Defendant's conduct rises to such a level.

The Court finds that the pleading, on its face, fails to allege willful or wanton negligence. The pleading alleges failure to warn and failure to follow the standard of care, acts of negligence resulting in injury. The Demurrer is sustained, and the claim for punitive damages is stricken without leave to amend.

Defendant further moves the Court to dismiss the complaint for failure of Plaintiff to comply with § 8.01-20.1, Code of Virginia (1950) as amended. Defendant asserts (a) that Plaintiff's failure to obtain a written opinion from an expert that Defendant deviated from the applicable standard of care and that such deviation was the proximate cause of Plaintiff's injuries and (b) Plaintiff's failure to respond within ten days to Defendant's written request for affirmation that the necessary expert opinion had been obtained require dismissal of Plaintiff's case by the Court. Plaintiff relies on the language of the statute that provides, "This certification is not necessary if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience."

Defendant refers the Court to Plaintiff's pleadings in which plaintiff alleges a failure to warn regarding the risks of root canal procedures and a failure to possess and exercise the standard of care in the profession. Defendant asserts that Plaintiff's allegation of Defendant's departure from the standard of care requires proof by expert testimony, that injuries are not automatically compensable and that the issues raised present a jury question, that this is not a *res ipsa loquitur* claim on its face, and that the doctrine of *res ipsa loquitur* is not applicable. Plaintiff argues that the language of § 8.01-20.1 she relies upon "negates" the requirement of an expert witness opinion in the filing of a claim of dental malpractice. Plaintiff further argues that Defendant's written request for affirmation of the obtaining of an expert opinion was "incomplete," presumably because the letter of December 22, 2005, seeks the certification and does not ask for affirmation by Plaintiff that such opinion was unnecessary.

The Court finds that Plaintiff, in her pleadings, alleges failure of the standard of care, that the allegations require expert testimony to frame the standard of care issue and to address the causal nexus between conduct and injury, as opposed to conduct that lies within the common knowledge and experience of the jury requiring no expert testimony. The Court finds that Plaintiff, who has never responded to Defendant's written request to provide a certification form affirming her obtaining the necessary certifying expert witness opinion or affirming that such was not needed, has failed to comply with the statutory requirements of § 8.01-20.1, Code of Virginia. Accordingly, the Defendant's Motion to Dismiss is granted.