# CIRCUIT COURT OF PAGE COUNTY

Joyce Smith,
Administrator

v.

Shenandoah Valley Care, Inc.,
t/a MontVue Nursing Home

September 22, 2008

Case No. CL-08-107

BY JUDGE THOMAS J. WILSON, IV

On August 19, 2008, the Court was scheduled to hear argument on three matters, those being a Motion to Dismiss, a Demurrer, and a Motion for Extension of Time. The order scheduling this hearing was entered on July 29th, 2008.

After conferring with counsel, the Court determined to hear the Motion to Dismiss first, and deal with the other matters afterward if necessary. It was noted that, if the Motion to Dismiss were sustained, that decision would be dispositive of all issues.

A court reporter was sworn and present, recording the proceedings. The Court had previously considered the memoranda, case and statutory authority filed by the parties pertaining to the Motion to Dismiss for failure to comply with the requirement of Virginia Code § 8.01-50.1 as to expert witness certification. There is no question that plaintiff had not obtained a written opinion signed by an expert witness as set forth in that Virginia Code section at the time of service of process. The complaint was filed on May 5, 2008. Process issued against the defendant on May 8, 2008. Defendant made its request for written certification affirming the necessary certifying expert opinion on May 27, 2008.

After hearing argument of counsel, the Court proceeded to rule on the Motion to Dismiss. The Court was addressing certain characteristics of the complaint on the record, as part of the process of ruling on the motion, when counsel for the plaintiff, Mr. John Bushey, stood and made a Motion to Nonsuit the action. Counsel for the defendant, Mr. Frank Hilton, objected, arguing that the motion had come too late and that the case had already been submitted to the Court for decision. After a short recess, the Court deferred decision to afford the parties opportunity to brief the issue.

The Court has considered the argument of counsel and the memoranda submitted. There is no question that Va. Code § 8:01-50.1 empowers a Court to dismiss with prejudice an action "if the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on a defendant." Defendant had filed a Motion to Dismiss, not a motion merely seeking sanctions. The Court was in the process of announcing whether or not it was going to dismiss the case when the Motion for Nonsuit was made. The Court is of the opinion that the "action had been submitted to the Court for decision" before the Motion for Nonsuit was made; accordingly, the Motion for Nonsuit will be denied.

The Court will now conclude the ruling it was in the process of rendering at the time of the nonsuit motion. I have again reviewed the submissions filed by the parties.

Va. Code § 8:01-50.1 allows that a Court "may dismiss the case with prejudice" if the "plaintiff did not obtain a necessary certifying defendant. . . ." (emphasis added). The key word is "necessary."

When considering the totality of the argument and authority submitted by the parties, the Court is of the opinion that such an opinion is, in fact, necessary in this case.

Plaintiff asserts that this is not a malpractice case; that it is one of simple negligence. As a result, the certification is not "necessary." However, the complaint is filled with numerous allegations that assert a claim for medical malpractice and wrongful death against a health care provider. Paragraph 35 provides an example:

> 35. The Defendant's acts and omissions breached its duty to provide the Decedent with the standard level of care and diligence practiced by a reasonably prudent nursing home in the Commonwealth of Virginia.

Accordingly, the Court finds that the complaint, in fact, alleges a cause of action for wrongful death against a health care provider based on a malpractice theory of liability.

The Court does not find that this is a situation where the plaintiff has, in good faith, alleged "a medical malpractice theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience."

Defendant's Motion to Dismiss with prejudice will be granted.