# COURT OF APPEALS OF VIRGINIA

## Record No. 1267-25-4

JOSEPH PAUL EVERETT, JR.
v.
NANCY LOUISE LAKE, ET AL.

Present: Judges Raphael, Lorish and Frucci

Opinion Issued May 19, 2026[*]

## FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

(Joseph Paul Everett, Jr., on briefs), *pro se*.

(Jennifer L. Leffler; LefflerPhillips, PLC, on brief), for appellees.  Appellees submitting on brief.

## MEMORANDUM OPINION
## PER CURIAM

Joseph Paul Everett, Jr., *pro se*, appeals the circuit court's order sustaining a plea in bar to his complaint for alleged childhood sexual abuse and dismissing the complaint with prejudice. Everett challenges the circuit court's finding that the complaint was time-barred, arguing that the statute of limitations should be tolled due to his delayed discovery of the alleged abuse.  Everett argues that the circuit court improperly sustained the plea in bar without considering the tolling issue or the legal authority that he presented on the issue.  Finding that the circuit court properly applied Virginia law, we affirm the circuit court's judgment.[1]

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In December 2024, Everett sued his parents, Nancy Louise Lake and Joseph Paul Everett, Sr. (collectively, "Defendants"), for sexual abuse that they allegedly had inflicted on him when he was a child. Everett alleged that sometime between the years of 1983 and 1986, when he was about "four years old, or possibly between the ages of three and six years old," his parents cut "roughly half of the skin" off his penis in a bathroom of the family home. Everett claimed that his parents had acted with "malicious intent," that the alleged act was not a medical circumcision, and that the injury caused him lifelong physical discomfort and humiliation. Everett sought a monetary judgment in the amount of $5 million, including punitive damages.[2]

Defendants filed a plea in bar to the complaint, arguing that Everett's claim was barred by a two-year statute of limitations for personal injury actions which began to run on the day he attained the age of majority. Defendants stated that the action was time-barred sometime between 1999 and 2002, given the timeline alleged in the complaint. Defendants requested that the circuit court sustain their plea in bar, dismiss the complaint with prejudice, and award them court costs.

In response to the plea in bar, Everett stated that, around September 2024, he uncovered memories suggesting that his parents had been drugging and sexually abusing him and his two siblings for their entire childhoods. Everett reported the suspected sexual abuse to federal and local authorities. Law enforcement did not investigate his claims but arrested him on an outstanding capias for unpaid child support arrears. While in jail, Everett suddenly discovered the memory of his parents mutilating his penis when he was a young child, a memory he had previously repressed.

Everett argued that the statute of limitations should be tolled on his claim because he had repressed the memory of the alleged abuse. He contended that his cause of action did not accrue,

---

[2] Everett alleged in the complaint that the abuse was committed with the "intent to inflict severe mental and emotional distress."

and the statute of limitations did not begin to run, until he first became aware of the alleged abuse in September 2024. Everett cited a decision from the Utah Supreme Court applying this tolling principle (the "Discovery Rule") to permit the plaintiff in that case to bring a delayed action for childhood sexual abuse if she could show that she had repressed the memory of the abuse and only discovered it after the applicable statute of limitations had expired.[3] Everett argued that the physical evidence of his mutilation corroborated the repressed memory. Everett did not argue that Virginia law permitted his claim or cite any Virginia statute nor case law in support of his argument for tolling.

At a hearing on the plea in bar, Defendants argued that the complaint was time-barred. Everett responded that he wished to read his answer to the plea in bar. The circuit court asked Everett whether he was "familiar" with the statute of limitations and directed him to summarize the arguments in his pleadings. Everett stated that he had repressed the memory of the alleged abuse, so the statute of limitations should be tolled to the date when he first discovered the abuse. Everett relied on the Utah Supreme Court decision to argue that tolling was required where the plaintiff had no prior knowledge of abuse. The circuit court rejected Everett's argument on tolling, stating that Virginia did not "recognize that case law." By final order entered on May 2, 2025, the circuit court sustained the plea in bar and dismissed the complaint with prejudice. Everett appeals.

---

[3] Everett cited *Olsen v. Hooley*, 865 P.2d 1345 (Utah 1993), in support of his tolling argument. In that case, the Utah Supreme Court held that a plaintiff may recover on a delayed action for childhood sexual abuse if she could produce evidence showing that repressed memory syndrome prevented her from discovering the abuse before the statute of limitations expired. *Id.* at 1348-50. The Utah Supreme Court based its decision on the Discovery Rule, a principle which tolls the statute of limitations where: 1) state law provides for tolling; 2) the defendant concealed the facts giving rise to the cause of action; or 3) due to exceptional circumstances, the plaintiff had no knowledge of the cause of action until after the statute of limitations had expired. *Id.* at 1348.

ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "[W]here no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented." *Montalla, LLC v. Commonwealth*, 303 Va. 150, 163 (2024) (alteration in original) (quoting *Fines v. Rappahannock Area Cmty. Servs. Bd.*, 301 Va. 305, 312 (2022)). "We not only accept as true the facts alleged, but also grant the plaintiff the benefit of all 'reasonable factual inferences that can be drawn' from such a view of the facts." *Id.* at 164 (quoting *Vlaming v. W. Point Sch. Bd.*, 302 Va. 504, 527 (2023)). "With the facts and inferences viewed in this manner, we conduct a de novo review of whether a plea in bar was meritorious." *Id.* A circuit court's "decision on a plea in bar of the statute of limitations involves a question of law that we review de novo." *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)).

Everett contends on appeal that the circuit court improperly sustained the plea in bar without considering the tolling argument that he raised or the Utah case law supporting the argument. He urges this Court to reverse the circuit court's dismissal of his complaint and remand the case to the lower court for further proceedings to determine whether tolling applies to his claim. But the record reflects that the circuit court considered Everett's tolling argument and rejected it after finding that Virginia did not recognize the Discovery Rule adopted by Utah in this context.

In *Van Dam*, the Supreme Court of Virginia expressly declined to adopt the Discovery Rule to toll the statute of limitations in cases where the plaintiff lacked knowledge of a cause of action until after the applicable statute of limitations had expired, unless state law explicitly permitted such tolling. 280 Va. at 463. In sustaining a plea in bar to a legal malpractice claim, the Court held that

the plaintiff's delayed discovery of the malpractice did not permit her to bring an otherwise time-barred action against her former attorney. *Id.* at 460-63. Acknowledging that strict application of the statute of limitations where an injury or cause of action is "unknown" or "incapable" of timely discovery may "produce inequities" for plaintiffs, the Court nevertheless held that it was "the role of the General Assembly, not the courts," to adopt a contrary rule. *Id.*

In determining whether an action for childhood sexual abuse benefits from delayed accrual, Virginia courts apply the statutory framework that the General Assembly specifically created for sexual abuse claims. *Doe v. Green*, 81 Va. App. 556, 571-75 (2024) , *aff'd*, 304 Va. 536 (2026). As a general rule, an action for personal injury accrues and the statute of limitations begins to run on "the date the injury is sustained." Code § 8.01-230; *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 22 (2013). An action for personal injury must be brought within two years of the date on which the cause of action accrued. Code § 8.01-243(A). If a plaintiff's injury is sustained in infancy, however, the cause of action does not accrue, and the statute of limitations does not begin to run, until the date on which the plaintiff attains the age of majority. Code § 8.01-229(A)(2)(a).

Historically, a plaintiff's delayed discovery of an injury would not affect the accrual of the cause of action or running of the statute of limitations. Code § 8.01-230; *Starnes v. Cayouette*, 244 Va. 202, 205-06 (1992). In 1991, however, the General Assembly enacted Code § 8.01-249(6) to provide for delayed accrual of certain childhood sexual abuse claims. The current version of the statute provides that a cause of action for sexual abuse occurring in infancy would accrue "upon the later" of the removal of infancy or "when the fact of the injury and its causal connection to the sexual abuse is first communicated" to the plaintiff "by a licensed physician, psychologist, or clinical psychologist." 2021 Va. Acts ch. 195. Code § 8.01-249(6) does not grant blanket tolling for all claims where a plaintiff failed to discover the abuse within the ordinary limitations period; rather, it permits delayed accrual only in the specific circumstance where a medical professional

informed the plaintiff of an injury and its causal connection to sexual abuse after the plaintiff had attained the age of majority.

Here, Everett did not plead facts in his complaint or answer to the plea in bar showing that Code § 8.01-249(6) applies to his claim. While Everett claimed that he sustained a physical injury to his penis as a result of the alleged sexual abuse, he stated that he suddenly remembered the abuse and its connection to the injury while incarcerated. He did not plead any facts or reasonable inferences showing that a "licensed physician, psychologist, or clinical psychologist" informed him of the nexus between his injury and the sexual abuse that he allegedly suffered, as required by the statute.[4] Given applicable Virginia law, we cannot say that the circuit court erred by declining to apply the Discovery Rule to Everett's claim.

Where a claim for childhood sexual abuse does not benefit from delayed accrual under Code § 8.01-249(6), the claim accrues, and the statute of limitations begins to run, on the date the plaintiff attains the age of majority. *See* Code §§ 8.01-229(A)(2)(a)-230. Everett pleaded that the alleged abuse occurred between 1983 and 1986 when he was "roughly four years old." We can infer from the facts pleaded that Everett reached the age of majority between 1997 and 2000 and that the statute of limitations expired on his claim between 1999 and 2002. *See* Code § 8.01-243(A). Everett did not bring his complaint until December 2024, so we hold that the circuit court did not err by finding that the complaint was time-barred.

---

[4] Further, Virginia appellate courts have established that the delayed accrual statute does not apply retroactively to causes of action arising before the statute's enactment. *See Starnes*, 244 Va. at 207 (holding that retroactive application of the delayed accrual statute would deprive defendants of a constitutional right in an expired statute of limitations); *see also Doe*, 81 Va. App. at 568-70 (holding that a later amendment to the Virginia Constitution that removed the right in a vested statute of limitations did not automatically render the delayed accrual statute retroactive). Everett pleaded that the alleged abuse occurred between the years of 1983 and 1986, before the enactment of the delayed accrual statute in 1991. Therefore, the statute would not apply to his claim even if he had pleaded facts showing that he met the statutory requirements for delayed accrual.

CONCLUSION

The circuit court properly sustained the plea in bar to Everett's complaint and dismissed the complaint with prejudice, given that he pleaded facts showing that his claim was time-barred under applicable Virginia law. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*